cc:  BK Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WINDSOR TERRACE HEALTHCARE LLC, DEBTOR | Case Nos. 2:25-CV-01388-JLS<br>2:25-CV-01547-JLS<br>2:25-CV-02133-JLS |
| HAZEL ALERS AND ALEJANDRO ALERS,<br><br>  Plaintiff-Appellants,<br><br>         v.<br><br>WINDSOR TERRACE HEALTHCARE, LLC,<br><br>   Defendant-Appellee. | BK Case No. 1:23-BK-11200-VK<br>Adv. Case No. 1:24-AP-01056-VK<br><br>**ORDER AFFIRMING BANKRUPTCY COURT JUDGMENT** |

Plaintiff-Appellants Hazel and Alejandro Alers (collectively, "Plaintiffs") appeal from the Bankruptcy Court's orders and judgment dismissing their adversary complaint against Debtor, Defendant-Appellee Windsor Terrace Healthcare, LLC ("Windsor Terrace").  The present Order adjudicates three separate appeals.[1]  The parties' briefs are

---

[1] These were docketed as three separate cases:  (1) In 2:25-CV-01338-JLS, Plaintiffs challenge the Bankruptcy Court's February 6, 2025 Judgment dismissing with prejudice their adversary complaint

filed only in 2:25-CV-01547-JLS. (*See* CV Doc. 10 (Opening Br.), CV Doc. 13 (Answering Br.) & CV Doc. 17 (Reply).) [2] The Court AFFIRMS the Bankruptcy Court in all respects. The Court also GRANTS the Request for Judicial Notice ("RJN") filed by Windsor Terrace. (CV Doc. 15.)

## I. STANDARDS OF REVIEW

A district court has jurisdiction to hear bankruptcy appeals. 28 U.S.C. § 158(a). When considering an appeal from the bankruptcy court, a district court applies the same standard of review that a circuit court would use in reviewing a decision of a district court. *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). The district court therefore reviews a bankruptcy court's legal conclusions *de novo*. *In re Brown*, 606 B.R. 40, 45 (B.A.P. 9th Cir. 2019). "*De novo* means review is independent, with no deference given to the trial court's conclusion." *In re Curtis*, 571 B.R. 441, 444 (B.A.P. 9th Cir. 2017) (quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy 7012. *See* Fed. R. Bankr. P. 7012(b) ("Fed. R. Civ. P. 12(b)-(i) applies in an adversary proceeding."). "[R]eview [of] an order granting a . . . Rule 12(b)(6) motion," is a *de novo* review of "the legal sufficiency of the complaint." *See In re Del Rosario*, 668 B.R. 618, 622-23 (B.A.P. 9th Cir. 2025).

---

against Debtor; (2) in 2:25-CV-01547-JLS, Plaintiffs challenge the Bankruptcy Court's February 5, 2025 Order Granting Defendant Windsor Terrace Healthcare, LLC's Motion to Dismiss the Complaint Without Leave to Amend; and (3) in 2:25-CV-02133-JLS, Plaintiffs appeal the Bankruptcy Court's February 5, 2025 Order Denying [as moot] Plaintiffs' Motion for Substitution of Proper Party. It appears that Plaintiffs could have availed themselves of Federal Rule of Bankruptcy Procedure 8003(a)(4), which provides that the appeal of a judgment "encompasses all orders that, for purposes of appeal, merge into the identified judgment," such that "[i]t is not necessary to identify" those underlying orders in the notice of appeal.

[2] The Court cites to the record as follows: "CV Doc." refers to entries the respective dockets for the present appeals, while "BK Doc." and "AP Doc." refer to the bankruptcy case docket and to the adversary proceeding docket, respectively. When specifying a pinpoint citation to the record, the Court refers to the internal pagination assigned by the CM/ECF docketing system.

Courts may take judicial notice of state-court filings pursuant to Federal Rule of Evidence 201(b)(2) where "those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see In re Francis*, 2013 WL 3497657, at *1 (B.A.P. 9th Cir. July 12, 2013) (same).

## II. BACKGROUND

### A. State-Court Action

Plaintiffs first filed suit against Windsor Terrace in Los Angeles Superior Court in 2020. Plaintiffs' claims arise out events related to the March-to-April 2019 final illness and death of Alejandro Alers, Sr. ("Alejandro Sr."), age 97, who was the father of Plaintiff Alejandro Alers, Jr. ("Alejandro Jr."), and the husband of Plaintiff Hazel Alers ("Mrs. Alers"). (*See generally* Adv. Compl. Ex. A, AP Doc. 1 (attaching the operative state-court complaint ("SAC") as an exhibit to Adversary Complaint).) After approximately three weeks in the hospital, the decedent was transferred to Windsor Terrace, a skilled nursing facility. (*Id.* at 26.) Alejandro Sr. left Windsor Terrace on April 25, 2019; five days later, on April 30, 2019, he stopped breathing and died. (*Id.* at 35 & 43.) Thereafter, in Los Angeles Superior Court, Plaintiffs asserted multiple causes of action against Windsor Terrace and other defendants, including claims for intentional misrepresentation (*id.* at 82-83), elder abuse (*id.* at 95-96), and wrongful death (*id.* at 105).

Windsor Terrace filed an Answer to the SAC, and thereafter filed an application seeking judgment in its favor on the same basis as judgment was granted to certain other defendants. The Los Angeles Superior Court granted the application. Plaintiffs filed an appeal. (*See* Windsor Terrace Req. for Judicial Notice ("RJN"), CV Doc. 15 at 19-20 (Cal. Ct. of App. docket).) Although the matter was delayed for a significant time due to the present bankruptcy case, on February 24, 2025, the California Court of Appeal dismissed Plaintiff's appeal pursuant to Windsor Terrace's Motion to Dismiss, reasoning that Plaintiffs had failed to identify in their notice of appeal the only dismissal order that applied to Windsor Terrace. (*See* RJN Ex. 2, CV Doc. 15 at 20 (also noting that Plaintiff

failed to oppose the motion to dismiss the appeal) & at 22-23 (copy of Court of Appeal decision).)

### B. Bankruptcy Case

During the pendency of the appeal, in the Bankruptcy case, on January 23, 2024, Plaintiffs filed a claim for $581 million against Windsor Terrace.[3] (BK Claim 81; *see also* BK Claim 161 (amendment to Claim 81 with same valuation, but this time filed with attachments that included the state-court SAC).) On June 21, 2024, to facilitate the efficient consideration of Windsor Terrace's amended Plan of Reorganization, Windsor Terrace moved the Bankruptcy Court to estimate the value of Plaintiff's claim in accordance with 11 U.S.C. § 502(c). (BK Doc. 1127.) Plaintiffs filed an opposition (BK Doc. 1199), and the Bankruptcy Court held a hearing (BK Doc. 1332), after which it granted Windsor Terrace's motion and estimated Plaintiffs' Claim 161's as zero for both voting and distribution purposes. (BK Doc. 1346.) The Bankruptcy Court confirmed Windsor Terrace's Plan of Reorganization on September 4, 2024. (BK Doc. 1437.)

### C. Adversary Proceeding

A little over a month after the Bankruptcy Court's confirmation of the Plan of Reorganization, on October 16, 2024, Plaintiffs filed the adversary proceeding that is presently before the Court. Plaintiffs' first cause of action challenges the dischargeability of their claims pursuant to the exception to dischargeability found in 11 U.S.C. § 523(a)(2), which applies to claims arising from false pretenses, false representations, and/or actual fraud. (*See* Adv. Compl., AP Doc. 1 at 4.) The second cause of action asserts a similar challenge to dischargeability, this time challenging dischargeability pursuant to the exception found at 11 U.S.C. § 523(a)(6), which applies to claims involving willful and

---

[3] Unbeknownst to Windsor Terrace, Mrs. Alers died five days earlier than the filing of Claim 81 (and its amendment, Claim 161). (*See* AP Doc. 13 at 4 (death certificate).) This was also earlier than the filing of the Adversary Complaint. Eventually, Windsor Terrace discovered this timing and notified the Bankruptcy Court, resulting in the filing of Plaintiffs' Motion for Substitution of Proper Party, which sought to substitute Alejandro Jr. to pursue his mother's claims. (*See* AP Doc. 17.)

malicious injury.  (*Id.* at 5.)  The third and final cause of action is not a claim for relief; instead, it sets forth (under the heading of "Admission and Waiver of Defenses") legal conclusions of alleged admissions and waivers of rights by Windsor Terrace.  (*Id.* at 5-6.)  These legal conclusions are meant to provide underlying support for Plaintiffs' Claim 161.

On Windsor Terrace's Motion to Dismiss (AP Doc. 4), the Bankruptcy Court dismissed the Adversary Complaint with prejudice on legal grounds.  Specifically, the parties fully briefed the issue, the Bankruptcy Court issued a tentative order, held a hearing, and thereafter issued its Order Granting Windsor Terrace's Motion to Dismiss and its Order Denying as moot Plaintiffs' Motion for Substitution of Proper Party.  (*See* AP Docs. 16 (Opp.), 22 (Reply) & 22 (tentative); CV Doc. 11 (transcript of hearing); AP Doc. 27 (Order re substitution); AP Doc. 28 (dismissal Order).)  The Bankruptcy Court also entered Judgment.  (AP Doc. 30 (Judgment).)  Plaintiff appeals the two Orders and the Judgment.

## III.   DISCUSSION

### A.   Plaintiff's Claims of Non-Dischargeability

When a debt is dischargeable, the debtor is protected by the discharge in bankruptcy, which "'operates as an injunction against the commencement or continuation of an action, . . . or an act, to collect, recover or offset any such debt as a personal liability of the debtor.'"  (Tentative, AP Doc. 22 at 12-13 (quoting 11 U.S.C. § 524(a)(2)).)  However, this injunction does not protect the debtor from actions to collect non-dischargeable debts.  *In re Munoz*, 287 B.R. 546, 556 (B.A.P. 9th Cir. 2002).  There are several exceptions to dischargeability, including the two relied upon by Plaintiffs to support their first and second causes of action.  Specifically, in raising the first and second causes of action, Plaintiffs contend that the debt represented by Plaintiffs' Claim 161 against Windsor Terrace is a non-dischargeable debt by virtue of two such exceptions, found in subsections (a)(2) and (a)(6) of § 523 of the Bankruptcy Code.  The Bankruptcy Court rejected Plaintiffs' contention and instead held that these exceptions do not apply to debts owed by entity debtors such as Windsor Terrace, which is a limited liability company.  (*See* AP Doc. 22 at

12-14.)  This is a purely legal ruling that is subject to *de novo* review.  *See In re Del Rosario*, 668 B.R. at 622-23.

First and foremost, the Bankruptcy Court's ruling is supported by the statutory language itself, which in relevant part provides:

> (a) A discharge . . . ***does not discharge an individual debtor*** from any debt—
> . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, . . . [or]
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

11 U.S.C. § 523; *see also* 11 U.S.C. § 1141(d)(2) (expressly incorporating the provisions of § 523 as to confirmed Chapter 11 reorganization plans and echoing the language found in § 523 that "[a] discharge under this chapter ***does not discharge a debtor who is an individual*** from any debt excepted from discharge under section 523 of this title").

Case law supports the Bankruptcy Court's conclusion as well.  *In re Pac.-Atl. Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) ("§ 523 only applies to individual and not corporate debtors."); *In re Off-Spec Sols., LLC*, 651 B.R. 862, 867 (B.A.P. 9th Cir. 2023) ("Section 523(a) unambiguously applies only to individual debtors."), *appeal dismissed*, 2023 WL 9291577 (9th Cir. Nov. 2, 2023).  Because Windsor Terrace is not an individual debtor, the Court AFFIRMS the Bankruptcy Court's dismissal Order as to Plaintiff's first and second causes of action.

     **B.**    **Purported Waivers and Admissions**

As to the third cause of action, the Bankruptcy Court rejected Plaintiffs' argument regarding admissions and waivers.  (AP Doc. 22 at 14-15.)  This, too, is a legal determination subject to *de novo* review.  The Bankruptcy Court recognized that because the third cause of action is premised upon purported admissions of liability and defenses waived by Windsor Terrace, that cause of action is meaningful only if Plaintiffs stated a substantive claim.  (*See id.* at 15.)  The Court agrees that, as recognized by the Bankruptcy

Court, because Plaintiffs' substantive claims under § 523(a)(2) and (a)(6) are precluded as a matter of law, Plaintiffs' third cause of action is precluded as well. (*Id.*) Therefore, the Court AFFIRMS the Bankruptcy Court's Order as to Plaintiff's third cause of action.

    C.    **Motion to Substitute Party**

The Bankruptcy Court denied as moot Plaintiffs' Motion to Substitute Party. The legal rulings resulting in the dismissal of the Adversary Complaint focused on the status of the Defendant-Debtor Windsor Terrace, and these rulings would be equally applicable to any party asserting the claims in the Adversary Complaint against it. Therefore, the Court AFFIRMS the Bankruptcy Court's denial of the Motion to Substitute Party based on mootness.

    D.    **Plaintiff's Other Arguments**

Plaintiffs' other arguments do not convince the Court that the Bankruptcy Court erred in dismissing with prejudice the Adversary Complaint.

First, Plaintiffs argue that Mrs. Alers had rights as a surviving spouse to assert survivorship and wrongful death claims under California law. (Opening Br., CV Doc. 10 at 17 & 19-20.) Notably, Mrs. Alers died nine months ***before*** the filing of the Adversary Complaint, and therefore she could not assert *pro se* claims on her own behalf. Additionally, Alejandro Jr. could not assert Mrs. Alers' claims on her behalf as a *pro se* plaintiff; *pro se* plaintiffs may assert only their own individual claims and not the claims of another or the claims of any entity (such as an estate). *See Estate of Sanchez*, 95 Cal. App. 5th 331, 339, *review denied* (Dec. 20, 2023). Moreover, although he was once licensed to practice law in California, he no longer holds that license,[4] and therefore Alejandro Jr. cannot assert his mother's claims as counsel. *See id.* Moreover, the claims asserted in the

---

[4] According to the State Bar of California attorney search website, Alejandro Jr. was admitted to the California bar in December 2004 but was subsequently disbarred. This makes him ineligible to practice law in California. *See* Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active licensee of the State Bar.").

Adversary Complaint were non-dischargeability claims, rooted in bankruptcy law, and these are distinct from the state-law claims underlying Plaintiffs' Claim 161. Thus, this argument does not undermine the Bankruptcy Court's rulings.

Second, Plaintiffs argue that the Bankruptcy Court failed to consider a declaration and attachments incorporated by reference in the Adversary Complaint, including the state-court SAC and Windsor Terrace's Answer thereto. (Opening Br., CV Doc. 10 at 21-22; Adv. Compl., AP Doc. 1 at 2.) Plaintiffs' argument is belied by the record, as the Bankruptcy Court in its tentative order expressly acknowledged the declaration itself and summarized the claims from the attached the state-court SAC. (*See* AP Doc. 22 at 1 & 8.) And in any event, the state-court SAC and Windsor Terrace's Answer were irrelevant to the Bankruptcy Court's legal determination that the debts of an entity debtor are not subject to the dischargeability exceptions found in 11 U.S.C. § 523(a)(2) and (a)(6). Therefore, this argument fails.

Plaintiffs' third and fourth arguments take issue with the timing of Windsor Terrace's actions in the state-court case. (Opening Br., CV Doc. 10 at 7-9 & 22-24.) Specifically, Plaintiffs criticize Windsor Terrace for first filing its Answer to the SAC and thereafter filing an application to obtain judgment in its favor based upon orders granting other defendants' demurrers. Plaintiffs contend that after filing an Answer, Windsor Terrace was precluded from challenging the legal sufficiency of the SAC. Notwithstanding this timing, the Superior Court granted judgment in favor of Windsor Terrace and Plaintiff's appeal of the judgment was affirmed by the California Court of Appeal. The California Supreme Court denied review. Therefore, Plaintiffs' claims were finally adjudicated in favor of Windsor Terrace. No argument made by Plaintiffs before the Bankruptcy Court (or this Court) can undo this final adjudication. In an instance such as this, federal courts, including bankruptcy courts, are constrained by the *Rooker-Feldman* doctrine, which prohibits federal courts from undertaking a *de facto* appellate review of

state-court judgments.  *See In re Erickson*, 2023 WL 2930057, at *7 (B.A.P. 9th Cir. Apr. 13, 2023), *aff'd*, 2024 WL 4273821 (9th Cir. Sept. 24, 2024).

And even if that were not so, the Bankruptcy Court's Orders and Judgment are premised upon a basis entirely unrelated to the merits of Plaintiffs' underlying state-law claims.  Thus, even if Plaintiffs had a state-court judgment in their favor, Plaintiffs still could not prevail on their non-dischargeability claims, and the result as to the Adversary Complaint would be no different.

Fifth, Plaintiffs argue for the first time that the Bankruptcy Court's discharge of the debt associated with their claim violated 11 U.S.C. § 727(a)(1).  (Opening Br., CV Doc. 10 at 9 & 24-27.)  Section 727(a)(1), provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor is not an individual."[5]  This provision does not apply in this case as it is part of Chapter 7, which governs liquidations, and the present case is governed by Chapter 11 provisions.

Additionally, this argument fails because, by virtue of the final state-court adjudication, Windsor Terrace did not in fact owe any debt to Plaintiffs.  Moreover, Federal Rule of Bankruptcy 4004(a)(2) sets a deadline for a complaint objecting to a discharge of debt in a Chapter 11 case, which Plaintiffs allowed to expire without objecting.  Specifically, for Chapter 11 cases, Federal Rule of Bankruptcy Procedure 4004(a)(2) sets the deadline for the filing of a complaint objecting to a discharge as on or before the first date set for the hearing on confirmation.  Here, that hearing was held on August 22, 2024, and Plaintiffs did not file a complaint before that time.  (*Compare* BK Doc. 1437 (confirming Chapter 11 Plan after hearing held on Aug. 22, 2024) *with* Adv. Compl., AP Doc. 1 (filed on Oct. 16, 2024)).

---

[5] Businesses that file Chapter 7 petitions are not granted discharge because they cease operations when their assets are liquidated.

Sixth and seventh, Plaintiffs argue that they should have been granted leave to amend the Adversary Complaint. (Opening Br., CV Doc. 10 at 9-10 & 26-27.) But amendments proposed by Plaintiffs would not cure the fatal flaw identified by the Bankruptcy Court. As noted in the previous paragraph, Plaintiff missed the deadline to challenge the dischargeability of a debt pursuant to 11 U.S.C. § 727(a)(1). Moreover, Plaintiffs' proposal to amend to add Windsor Terrace's officers and directors as individual debtors (so that Plaintiffs could assert the exception to dischargeability against them as individual debtors who are ostensibly responsible for Windsor Terrace's debt) is likewise untenable. In addition to flying in the face of basic principles of bankruptcy law and the fundamental protections against individual-officer liability for the debts of a limited liability company, Plaintiffs have no viable claim to assert because their state-law claims were finally adjudicated in favor of Windsor Terrace. This final adjudication likewise bars Plaintiffs' contention that specified tort claims could still be asserted in an amended adversary complaint. (*See* Opening Br., CV Doc. 10 at 28 (specifying wrongful death and survivorship claims).)

And Plaintiffs' final argument, their eighth, that the Bankruptcy Court should have substituted Alejandro Jr. as the proper party (Opening Br. CV Doc. 10 at 10 & 31-32), fails because substitution of Alejandro Jr. in his mother's place would not have cured the defects that warranted dismissal of the Adversary Complaint. The final state-court adjudication in favor of Windsor Terrace eradicated any support for Claim 161, which was necessary to establish a debt owed by Windsor Terrace, and the rationale for dismissing the non-dischargeability claims is equally applicable to all parties. The Bankruptcy Court properly denied as moot the Motion to Substitute Party, and Plaintiffs' eighth argument fails.

## IV. CONCLUSION

Therefore, the Court AFFIRMS the (1) Order Granting Defendant Windsor Terrace Healthcare, LLC's Motion to Dismiss the Complaint Without Leave to Amend, (2) the

Order Denying [as moot] Plaintiffs' Motion for Substitution of Proper Party; and (3) the Bankruptcy Court's Judgment.

The Court directs the Clerk to comply with Federal Rule of Bankruptcy Procedure 8024(a) by preparing and filing a judgment. The Clerk is also directed to comply with subsection (b) of the same Rule by transmitting a copy of this Order and a copy of the judgment to the United States Trustee and the Bankruptcy Clerk.

**IT IS SO ORDERED.**

DATED: December 23, 2025

_____
HON. JOSEPHINE L. STATON
United States District Judge